UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUKE LEVY, | § | |
| | § | |
|    Plaintiff/Counter-Defendant, | § | |
| | § | |
| V. | § | |
| | § | |
| CITY OF RIO GRANDE CITY, a Texas Municipal Corporation, | § § | |
| | § | CIVIL ACTION NO. 3: 04-CV-0381-B |
|    Defendant/Counter-Plaintiff/ Cross-Plaintiff, | § § | |
| | § | |
| V. | § | |
| | § | |
| DUKE LEVY, L.L.C. and DLA ENGINEERING GROUP, LTD. | § § | |
| | § | |
|    Cross-Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant City of Rio Grande City's (the "City") Objection to Amended Scheduling Order and Opposed Motion for Leave to Amend Answer and Move for Partial Summary Judgment ("Motion for Leave") (doc. 156). For the following reasons, the Court DENIES the City's motion to amend its answer and to file a second summary judgment motion, but it will permit the City to file a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the defense of governmental immunity from suit.

Plaintiff Duke Levy filed this action in this Court on February 20, 2004. He claims that he is an assignee to a contract that the City had with Kyle Engineering, Inc. ("KEI") for the performance of various engineering services and that, as assignee, he is entitled to receive certain payments allegedly owing for work KEI performed under the contract. In his live pleading Levy asserts claims

against the City for breach of contract, sworn account, and quantum meruit. The parties filed cross motions for summary judgment, which were referred to Magistrate Judge Jeff Kaplan for recommendation. On September 15, 2006, Magistrate Judge Kaplan denied Levy's motion and granted the City's motion in part. Specifically, the Magistrate Judge recommended that the City's motion be granted with respect to Levy's quantum meruit and sworn account claims. On September 29, 2006, this Court accepted the Magistrate Judge's findings and recommendation. Thus, Levy's only remaining affirmative claim against the City is for breach of contract. On November 15, 2006, the Court entered an Amended Scheduling Order setting this case for trial on a four-week docket starting February 5, 2007.

The City now seeks to postpone the trial setting for two reasons. First, it states that its counsel has a preferential two-week trial setting in late January 2007. And second, it claims to need additional time to amend its answer and file a second summary judgment motion based on the defense of sovereign or governmental immunity. (*See* Mot. for Leave at 1-2). The City also seeks leave to amend its answer to assert governmental immunity as an affirmative defense and to file an additional motion for summary judgment on that defense. Levy does not oppose a thirty-day postponement of the trial setting to accommodate the trial conflict of opposing counsel, but he adamantly opposes the City's request to amend its answer and file yet another summary judgment motion.

The City's Motion for Leave is thinly supported and fails to make any serious attempt to meet Rule 16(b)'s "good cause" requirement for the extension of the deadlines for trial, the amendment of pleadings, and the filing of dispositive motions. Instead the City simply states that "good cause" exists for the sought-after extensions because "the Texas Supreme Court has recently handed down

2

a series of significant opinions regarding the affirmative defense of sovereign and governmental immunity", citing to *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006) and *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006).  That may be so, but other than characterizing such opinions as "recent and extremely important" (Mot. for Leave at 2), the City fails to explain their legal significance to this case.

Despite the deficiencies in the City's Motion for Leave, it is clear that the City believes it is entitled to assert the defense of sovereign or governmental immunity[1] as to Levy's breach of contract claim.  "It is well established that sovereign immunity from suit protects the State of Texas, its agencies, and its officials from lawsuits for damages unless it is waived by clear and unambiguous consent to suit." *City of Dallas v. Albert*, – S.W.3d – , 2006 WL 3742888, at *2 (Tex. App. – Dallas, Dec. 21, 2006).  A city is considered a state agent for sovereign immunity purposes when it exercises its powers for public purposes.  *Id*.  In Texas, governmental immunity takes two forms: immunity from liability and immunity from suit.  *See Tooke*, 197 S.W.3d at 332; *Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex. 2001).  Immunity from liability is an affirmative defense that bars the enforcement of a judgment against a governmental entity.  *Tooke*, 197 S.W.3d at 332; *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).  The defense must be pleaded, else it is waived.  *See id*.  A governmental entity waives immunity from liability when it enters into a contract.  *Tooke*, 197 S.W.3d at 332; *Little-Tex*, 39 S.W.3d at 594.

---

[1]The Texas Supreme Court has clarified that the term "sovereign immunity" refers to immunity from suit of the State and its various divisions, including agencies, boards, hospitals, and universities. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).  "Governmental immunity", on the other hand, refers to the immunity of political subdivisions of the State, including counties, cities, and school districts.  *Id*.

3

Immunity from suit, on the other hand, bars altogether an action against a governmental entity unless consent to suit has been granted. *See Tooke*, 197 S.W.3d at 332; *Jones*, 8 S.W.3d at 638. Immunity from suit is not waived simply because the government enters into a contract with a private person or entity. *See Little-Tex*, 39 S.W.3d at 594. Express consent for suit must come from the Texas legislature. *Id.* Absent legislative consent, the trial court lacks subject matter jurisdiction. *See Jones*, 8 S.W.3d at 638.

In this case Levy asserts entitlement to damages arising out of the City's alleged breach of a contract it had with KEI. As the City admits that it entered into a contract with KEI (Def.'s Am. Answer at ¶¶ 8-9), a private entity, it has waived immunity from liability, and it would be futile for the City to amend its answer to assert such a defense. *Tooke*, 197 S.W.3d at 332 ("By entering into a contract, a governmental entity necessarily waives immunity from liability, voluntarily binding itself like any other party to the terms of agreement[.]"). With respect to immunity from suit, a pleading amendment is not necessary. The question of a governmental entity's immunity from suit implicates this Court's subject matter jurisdiction, which may be challenged at any time. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *Sivley v. Sivley*, 972 S.W.2d 850, 855 (Tex. App. – Tyler 1998, no pet.); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1361 (3d ed. 2004); *see also* FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

This leaves the matter of the appropriate procedural vehicle through which the City may raise immunity from suit as a defense. The City seeks to do so via summary judgment. That mechanism is unavailable to the City, however, as it has already exhausted the one summary judgment permitted by the local rules of this district. *See* N. D. TEX. LOCAL RULE 56.2(b). If this were a Texas court, the

4

appropriate device would be a plea to the jurisdiction. *Jones*, 8 S.W.3d at 638-39. The nearest federal analog to such a plea is a Rule 12(b)(1) motion for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). Accordingly, the Court will permit the City to contest the subject matter jurisdiction of this Court by filing a Rule 12(b)(1) motion. If the City chooses to file such a motion, it is directed to specifically: 1) provide a basis for the City's assertion of governmental immunity from suit; 2) address whether the City has waived (or even can waive) immunity from suit by its conduct (*e.g.* by actively litigating this case or by asserting counterclaims); and 3) address whether the City's immunity from suit with respect to a claim for breach of contract has been waived by § 271.152, or any other section, of the Texas Local Government Code.

For the foregoing reasons, the Court **DENIES** the City's motion for leave to file an amended answer and to file an additional motion for partial summary judgment. The Court will allow the City until **January 12, 2007** to file a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure. If the City elects to file such a motion, Levy shall have until **January 26, 2007** to file a response. The Court **VACATES** the February 5, 2007 trial setting in this case. Trial is re-set for **March 5, 2007**, and the pretrial conference is rescheduled for **March 2, 2007 at 10:00 a.m.** All other pretrial deadlines set forth in the Court's November 15, 2006 Amended Scheduling Order remain in effect.

SO ORDERED.

Signed December 28th , 2006

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE